19900

Fay Boyd COOPER, Jr., Executor of the Estate of Fay Boyd Cooper, Sr., Respondent, v. E. B. COOPER et al., Appellants.

(209 S. E. (2d) 431)

*Jack W. Tompkins, Jr., Esq.,* of Columbia, *for Appellants,*

*Messrs. Thomas Kemmerlin* and *Weston Adams,* of Columbia, *for Respondent,*

October 29, 1974.

*Per Curiam:*

This is an appeal from an order of the circuit court denying an appeal from an order of the probate court overruling contestants' motion for "judgment *pro confesso*" against the proponent of a Will. The ground of the motion in the probate court was that the proponent of the Will had

been guilty of laches in failing to timely prove it in solemn form, "in that after being served with Notice to so prove the Will, a period of over six months elapsed prior to the filing of his Petition to prove the Will in solemn form. By failing to prove the Will in solemn form within the time limit contemplated by law, the Petitioner has, in essence, confessed the invalidity of the Will, and is now estopped to assert the validity of same."

The motion of the contestants, styled Motion for Judgment *Pro Confesso,* in fact sought judgment by default declaring the Will invalid and depriving the proponent of any opportunity to present evidence.

The applicable statute, Section 19-255, Code of 1962, prescribes no time limit within which a proponent's petition to prove a Will must be filed. It merely provides that ". . . The judge of probate shall require the party producing the will for probate to prefer a petition in writing, praying to be permitted to swear and examine witnesses upon the same. . . ." This, the proponent did seven months after being so required by the probate court. The lapse of this period of time was the *sole fact* put forward by contestants in support of their motion. It was manifestly insufficient. Our law, not imposing an express time limitation in this regard, simply does not authorize the harsh sanction which the contestants sought to invoke against the proponent of the Will.

Affirmed.